complied with Federal Rule of Criminal Procedure 11 in conducting the plea colloquy and committed no error warranting correction on plain error review.* *See United States v. Martinez,* 277 F.3d 517, 532 (4th Cir.2002). Thus, the court did not err in accepting Jackson's knowing and voluntary guilty plea.

Turning to the appeal of Jackson's sentence, counsel correctly observes in the *Anders* brief that we lack jurisdiction to consider such an appeal because Jackson entered a guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The federal statute governing appellate review of a sentence limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that the district court imposed the sentence "in violation of law ... [or] as a result of an incorrect application of the sentencing Guidelines." 18 U.S.C. § 3742(a)(1)-(2), (c) (2012); *see United States v. Calderon,* 428 F.3d 928, 932 (10th Cir.2005). Here, Jackson's sentence was less than the applicable statutory maximum, *see* 21 U.S.C. § 841(b)(1)(C), was not based upon the Sentencing Guidelines, and was the sentence for which he bargained. Thus, review of his sentence is precluded by § 3742(c).

In accordance with *Anders,* we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Jackson's conviction and dismiss the appeal to the extent that he seeks review of his sentence. This court requires that counsel inform Jackson, in writing, of his right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivo-

lous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART.*

**William Edward ReBROOK, III, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 14–6352.

United States Court of Appeals, Fourth Circuit.

Submitted: Sept. 26, 2014.

Decided: Dec. 30, 2014.

Lonnie Carl Simmons, Ditrapano, Barrett, Dipiero, McGinley & Simmons PLLC, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Larry R. Ellis, Assistant United

---

* We decline to sua sponte enforce Jackson's waiver of appellate rights in the plea agree- ment. *See United States v. Blick,* 408 F.3d 162, 168 (4th Cir.2005).